FILED
CLERK

9/18/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X

TERRANCE ANTHONY NORRIS,

            *Plaintiff*,

      -against-

JPMORGAN CHASE BANK N.A.,

            *Defendant*.

-------------------------------------------X

**MEMORANDUM
AND ORDER**

25-cv-03231 (HG) (JMW)

**A P P E A R A N C E S:**

  **Terrance Anthony Norris**
  933 Pine Log Road # 1175
  Aiken, SC 29803
  *Plaintiff proceeding Pro se*

  John Charles Molluzzo, Jr.
  **Greenberg Traurig, LLP**
  One Vanderbilt Avenue
  New York, NY 10017
  *Attorney for Defendant*

**WICKS**, Magistrate Judge:

    Plaintiff, Terrance Anthony Norris ("Norris") commenced this action on June 10, 2025 (*see* ECF No. 1) against Defendant JPMorgan Chase Bank N.A. ("Chase"). Recently, Plaintiff amended his Complaint alleging damages through the following claims of (i) breach of contract, (ii) breach of the implied covenant of good faith and fair dealing, (iii) conversion, and (iv) negligence. (*See generally*, ECF No. 19.) Prior to the operative complaint, Defendant moved for a pre-motion conference before the District Judge (ECF No. 13), which resulted in granting leave to amend. (*See* ECF No. 16; Electronic Order dated 8/15/2025.) Upon the filing of the Amended

1

Complaint, Defendant submitted a letter informing the Court of its intention to move to dismiss again. (ECF No. 20.) Subsequently, Defendant filed the instant motion seeking a stay of discovery pending the anticipated motion to dismiss citing the original pre-motion letter that was filed at ECF No. 13. (ECF No. 21.) Plaintiff opposes the proposed stay of discovery. (ECF No. 22.) For the reasons stated herein, Defendant's Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 21) is **GRANTED**.

## BACKGROUND

Plaintiff resides in Aiken, South Carolina and is a customer of Chase. (ECF No. 19 at ¶ 3.). Plaintiff claims he deposited three money orders totaling $2,225.00 on or about July 12, 2023 to his personal account with Chase. (*Id*. at ¶ 5.). Defendant, shortly thereafter and without notice, placed a restriction on his account, preventing Plaintiff from accessing the funds. (*Id*. at ¶ 6.). Plaintiff both in-person and through writing requested the funds to be released or to receive an explanation; neither was done. (*Id.* at ¶¶ 7, 11-13.) Defendant's explanation of the restriction was insufficient, "vague," and "conflicting." (*Id.* at ¶ 10.) Plaintiff states that the funds were intended for an "urgent roof repair[]," and the withholding of such funds resulted in structural damage and increased costs. (*Id*. at ¶ 9.).

Plaintiff further claims he had a deposit account agreement with Chase, in which Chase agreed to "maintain account access, and follow applicable laws and regulations." (*Id.* at ¶¶ 15-16.). Plaintiff alleges Defendant breached this agreement "by seizing and withholding" Plaintiff's funds "without lawful justification." (*Id*. at ¶ 17.). He asserts Chase breached New York's implied covenant of good faith and fair dealing by acting in bad faith. (*Id*. at ¶¶ 20-22.).

As a result of the foregoing events, Plaintiffs filed this action *pro se* (ECF No. 1) and has since amended the Complaint twice (ECF Nos. 7, 19). The operative Complaint includes claims

for (i) breach of contract, (ii) breach of the implied covenant of good faith and fair dealing, (iii) conversion, and (iv) negligence. (ECF No. 19.) Plaintiff seeks $ 4,995,738.44 for *inter alia*, property damage, economic loss, emotional distress, and punitive damages. (*Id.* at 7-8.).

## THE LEGAL FRAMEWORK

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted). It is against this backdrop that the Court considers the present application.

## ANALYSIS

I. *<u>Defendant's Showing that Plaintiff's Claims are Unmeritorious</u>*

The question of whether Defendant has shown that Plaintiff's claim is unmeritorious is critical in determining whether a stay is warranted. Accordingly, the Court considers the original pre-motion letters (ECF Nos. 13, 16) filed in connection with Defendant's anticipated motion to dismiss and the instant motion.[1] It remains unclear whether Plaintiff intends to proceed with his original claims of (i) violation of the Electronic Fund Transfer Act (15 U.S.C. § 1693), (ii) unfair and deceptive acts and practices, and (iii) declaratory judgment, as such claims are absent in the amendment. (ECF Nos. 1 at 9-13; 7 at 4-7.)

However, when cases involve a *pro se* complaint like here, the Court must interpret the pleading to raise the strongest claim suggested by the allegations. *See Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752 (RRM) (LB), 2011 WL 2550733, at *3 (E.D.N.Y. June 27, 2011); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citations omitted) ("The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.")

"[M]ere conclusions of law or unwarranted deductions need not be accepted." *Id.* (internal quotation marks omitted.) Notably, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the plaintiff has not pleaded." *Vidurek v. Pollen*, No. 20-CV-6714 (CS), 2021 WL 4066503, at *7 (S.D.N.Y. Sept. 7, 2021) (citing *Chavis v. Chappius*, 618 F.3d

---

[1] This analysis is not intended to pre-judge the motion to dismiss which is not yet briefed. Rather, the analysis is based solely on the previous pre-motion letters filed and a review of the Complaint. The conclusions reached here are for the purpose of determining whether a discretionary stay is appropriate. Indeed, there are no updated pre-motion letters following the final amendment due to the briefing scheduling set in advance.

4

162, 170 (2d Cir. 2010)).  Therefore, in light of Plaintiff's *Pro se* status, the following allegations are drawn not only from the Amended Complaint, but from the undersigned's review of all other filings including the original complaint. *See Phillips v. Google LLC*, No. 24-CV-5742 (VF), 2025 WL 1795894, at *1 n.2 (S.D.N.Y. June 30, 2025) (quoting *Rodriguez v. Rodriguez*, No. 10-CV-891 (LGS), 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("[W]hen analyzing the sufficiency of a *pro se* pleading, a court may consider factual allegations contained in a *pro se* litigant's opposition papers and other court filings.")).

### A. *Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(1)*

The original subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. "Under these statutes, a federal district court has original subject matter jurisdiction only when a 'federal question' is presented or, if the plaintiff is asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000." *Juravel v. Sigal*, No. 23-CV-10550, 2024 WL 218381, at *2 (S.D.N.Y. Jan. 19, 2024).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."  *Williams v. New York State*, No. 24-CV-04285 (PMH), 2025 WL 2452219, at *3 (S.D.N.Y. Aug. 26, 2025) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  When there is a defect in pleading jurisdiction, the solution is to provide a *pro se* litigant with an opportunity to fix it. *See Bowen v. Yellow Freight Sys., Inc.*, 101 F.3d 685, 685 (2d Cir. 1996) ("The [trial] court should have apprised the *pro se* plaintiff of the defect in the complaint and given him an opportunity to correct the problem.") However, the alleged amount in controversy must still be recoverable under the law. *See Sitariu*

5

*v. Bains*, No. 18-CV-600 (MAD) (DJS), 2018 WL 3812442, at *2 (N.D.N.Y. Aug. 10, 2018) (quoting *Bindrum v. American Home Assur. Co. Inc.*, 441 Fed. Appx. 780, 782 (2d Cir. 2011) (""Potentially recoverable punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law.")

The amount in controversy requirement of 28 U.S.C. § 1332(a)(1) carries a rebuttable presumption that "the face of the complaint is a good faith representation of the actual amount in controversy." *See Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 53 (2d Cir. 2018). Accordingly, "a defendant may "rebut that presumption by demonstrating 'to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" *Id*. (quoting *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)).

Here, Defendant claims that Plaintiff has failed "to plead a basis for diversity jurisdiction or federal question jurisdiction (having pleaded only state common law claims in the Amended Complaint)." (ECF No. 21 at 2).[2] Indeed, Chase's domicile is determined by the location of its main office. *See OneWest Bank, N.A. v. Melina,* 827 F.3d 214, 219 (2d Cir. 2016) (holding the right interpretation of the jurisdictional clause in § 1348 is that "a national bank is a citizen only" where it has its main office). Defendant is a national bank which has its main office in Columbus, Ohio. Therefore, Defendant is a citizen of Ohio, as Plaintiff alleges. (ECF No. 19 at 2.) Plaintiff is domiciled in South Carolina, and thus the two parties are diverse.

---

[2] The Court notes Defendant's previous argument for lack of subject matter jurisdiction. In particular, Defendant argued that under 28 U.S.C. § 1348, there are limited circumstances when the statute may be used—none of which are pled here, and under the Electronic Fund Transfer Act, the allegations revolve around money orders not electronic fund transfers. (ECF No. 13 at 1-2.). However, the federal claim is removed from the Amended Complaint. (*See* ECF No. 19.)

6

In addition, Plaintiff seeks almost five million dollars in damages for the withheld funds, consequential property damages, emotional damages, financial losses or consequential damages, and punitive damages. (*Id.* at 7-8.) Accepting Plaintiff's factual allegations as true, the amount in controversy is met.

Therefore, as to this portion of Defendant's anticipated motion to dismiss, it *weighs against* a stay.

### B. *Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6)*

Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. When considering a motion to dismiss under 12(b)(6), the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, this tenet does not apply to legal conclusions or "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. More is required.

The above standards apply to *pro se* complaints, such as the one here, as well, but in a far less rigid manner. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

7

stringent standards than formal pleadings drafted by lawyers.") (internal quotes and citations omitted).

Here, assuming the truth of the allegations as required, the undersigned finds that Plaintiff will unlikely survive a motion to dismiss. As set forth in Plaintiffs' Amended Complaint, he brings claims for (i) breach of contract, (ii) breach of the implied covenant of good faith and fair dealing, (iii) conversion, and (iv) negligence. (ECF No. 19 at 4-6.) The Court applies New York law for purposes of the motion to stay, as the money orders were deposited in Babylon, NY.[3] (*See* ECF Nos. 1 at 8; 7 at 3.)

To adequately plead a breach of contract claim under New York law, the complaint must include allegations that (i) a contract was formed between the parties, (ii) plaintiff performed on that contract, (iii) defendant failed to perform, and (iv) resulting damages. *See Ben Ciccone, Inc. v. Naber Elec. Corp.*, 186 N.Y.S.3d 301, 303 (N.Y. App. Div. 2d Dep't 2023); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017). However, a "breach of contract cause of action fails as a matter of law in the absence of any showing that a specific

---

[3] "The Second Circuit has held that a federal court sitting in diversity applies the choice-of-law rules of the state in which it sits." *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796, 2024 WL 3740439, at *6 (E.D.N.Y. Aug. 10, 2024), *report and recommendation adopted* (Sept. 27, 2024), *judgment entered*, No. 23-CV-2796 (HG) (JAM), 2024 WL 4648142 (E.D.N.Y. Sept. 30, 2024).

> In contract cases, New York courts now apply a 'center of gravity' or 'grouping of contacts' approach. Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties. *In re Allstate Ins. Co. and Stolarz,* 81 N.Y.2d 219, 227, 597 N.Y.S.2d 904, 908, 613 N.E.2d 936, 940 (1993). New York courts may also consider public policy "where the policies underlying conflicting laws in a contract dispute are readily identifiable and reflect strong governmental interests." *Id.* at 226, 597 N.Y.S.2d at 907, 613 N.E.2d at 939. The traditional choice of law factors, the places of contracting and performance, are given the heaviest weight in this analysis. *Id.*

*Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1538–39 (2d Cir. 1997). Additionally, "[i]n New York, 'the relevant analytical approach to choice of law in tort actions' is the 'interest analysis.'" Meaning, "the law of the jurisdiction having the greatest interest in the litigation will be applied." *Id.* at 1539 n.3 (quoting *Schultz v. Boy Scouts,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 95, 480 N.E.2d 679, 684 (1985)).

provision of the contract was breached." *Gianelli v. RE/MAX of New York, Inc.*, 41 N.Y.S.3d 273, 274 (N.Y. App. Div. 2d Dep't 2016). As Defendant points out, Courts have dismissed such claims where no provision is identified for the claim of breach. (ECF Nos. 13 at 2-3; 21 at 2.) Here, the only agreement that Plaintiff points to is the "deposit account agreement" found as Exhibit 10 to the Complaint. (ECF No. 19, Exhibit 10.) Plaintiff alleges that the seizure of funds constitutes a breach of that agreement, and this caused damages. (ECF No. 119 at 5.) Even construing Plaintiff's allegations in the light most favorable to him, the Court is unable to determine what provision the seizure of the funds would breach and as such, the claim would likely not survive the motion to dismiss.

 Moreover in New York, the implied covenant of good faith is embedded within every contract, and therefore, a "breach of the implied duty of good faith is considered a breach of the underlying contract." *Boart Longyear Ltd. v. All. Indus., Inc.*, 869 F. Supp. 2d 407, 413 (S.D.N.Y. 2012) (citations omitted); *see also Dalton v. Educ. Testing Serv.*, 663 N.E.2d 289, 291 (N.Y. 1995) ("Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance.") With that, "a claim for breach of the implied covenant [of good faith and fair dealing] will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Id.* (citing *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243–44 (S.D.N.Y.1997)). In short, the good faith and fair dealing claim is duplicative of the contract claim. That is because the crux behind both claims is the seizure of Plaintiff's funds and restricting access to his account. (ECF No. 19 at 5-6.) Therefore, this claim will also likely be dismissed.

9

Next, for Plaintiff's claim of conversion, he alleges that Defendant "wrongfully exercised dominion over the funds by restricting the account … [which] consistutes conversion under New York law." (*Id.* at 6.) The elements of conversion are: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff has ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *R.B. Dev., Co. v. Tutis Cap. LLC,* No. 12-CV-1460 (CBA) (SMG), 2015 WL 10567830, at *5 (E.D.N.Y. Nov. 6, 2015), *report and recommendation adopted*, No. 12-CV-1460 (CBA) (SMG), 2016 WL 1271033 (E.D.N.Y. Mar. 29, 2016) (citations omitted). *See also Benex LC v. First Data Merch. Servs. Corp.*, No. 14-CV-6393(JS) (AKT), 2016 WL 1069657, at *5 (E.D.N.Y. Mar. 16, 2016) (quoting *Wolf v. Nat'l Council of Young Israel*, 264 A.D.2d 416, 417, 694 N.Y.S.2d 424, 425 (2d Dep't 1999) ("a claim to recover damages for conversion cannot be predicated on a mere breach of contract.")).

Considering that Plaintiff has alleged all elements of this claim, it would likely pass. However, as the allegations are conclusory and do not allege specifics as to the alteration of the funds or exclusion of Plaintiff's rights, Defendant in its motion to dismiss may be able to rebut these assertions.

Lastly, Plaintiff's fourth claim is for negligence. Negligence requires the following elements: "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Klein v. Cath. Health Sys. of Long Island, Inc.*, N.Y.S.3d 757, 762 (N.Y. App. Div. 2d Dep't 2024) (internal citations omitted). This claim fails outright as Plaintiff's allegation that a duty was owed to him to "exercise reasonable care in handling his deposits and account[,]" is rebutted by Defendant stating that the deposit agreement states no

10

special duties are owed. (ECF No. 13 at 3.) Indeed, a review of the agreement states that Chase "will have no liability for any action we take under this [Restricting Your Account] section…." (ECF No. 119, Exhibit 10 at 22.) Moreover, Plaintiff's allegations are conclusory without any support of the alleged duty and breach.

Therefore, a review of the Amended Complaint leads this Court to a finding that Plaintiff's claims are likely to be considered unmeritorious.

Accordingly, this factor weighs *in favor* of granting the stay.

## II.     Breadth of Discovery

Defendant states that no discovery has taken place thus far. (ECF No. 21 at 3.) Plaintiff does not dispute this fact or address it, but rather asserts that pre-litigation, Defendant failed to respond "substantively" to Plaintiff's written requests to gather information of why his account was restricted. (ECF No. 22 at 1-2.) This case is in its very early stages as the Initial Conference took place approximately a month ago (*see* ECF No. 14), and the majority of the docket references the anticipated motion to dismiss. Granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024).

Indeed, Courts routinely find a stay is warranted when a dispositive motion is pending, and the case has just begun. *See e.g.*, *id.* at *3 ("Finally, the Court notes this case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken. Accordingly, weighing all the relevant factors, the Court finds that a stay of discovery pending the outcome of Defendant's anticipated 12(b)(6) motion is warranted"); *Thomas v. Amazon.com Servs., LLC*, No. 23-CV-1271, 2024 WL 3706844, at *5 (E.D.N.Y. Apr. 15, 2024) ("the current posture of the litigation favors a stay …[w]hile some discovery has occurred, this case is still in its early stages"); *Salese v. JP Morgan Chase & Co.*, No. 23-CV-

11

00153 (GRB)(JMW), 2023 WL 5047890, at *2 (E.D.N.Y. Aug. 8, 2023) ("the second factor favors a stay as the breadth of discovery and corresponding burden of responding would prejudice Defendant if its motion to dismiss is indeed granted … and if granted, any discovery conducted in the interim would have been without purpose … [t]his case is in the earliest stages").

Based on the above, this factor weighs *in favor* of granting the stay.

### III.    Risk of Unfair Prejudice

Plaintiff urges this Court not to grant the stay, as it would be prejudicial. (ECF No. 22 at 2.)  In particular, Plaintiff asserts that he does not know the status of his funds and continues to suffer harm, which is allegedly caused by Defendants. (*Id.*)

Even though a stay would inevitably delay discovery, *see Bensmaine v. City of New York*, No. 21-CV-04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (finding that a stay would cause discovery delays), "[m]ere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be lifted upon the decision of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay would unlikely cause undue prejudice. Indeed the Hon. Judge Hector Gonzalez entered the following briefing schedule on the anticipated motion to dismiss: moving papers to be filed by October 1, 2025, opposition to be due by October 31, 2025, and reply papers by November 14, 2025. (*See* Electronic Order dated 8/15/2025.) The two-month stay does not pose substantial prejudice, if any, to Plaintiff. *See Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 275 (E.D.N.Y.), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024) ("Finally, given the

timetable for Defendants' anticipated motion, Plaintiffs have not established that any delay in discovery would prejudice Plaintiffs in any way. Indeed, under the parties' proposed briefing schedule, which the Court approved at the January 26, 2024 conference, the parties' briefing will be complete in two months."); *see also Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation).

Therefore, this factor weighs *in favor* of granting the stay. Accordingly, a review of all the factors and Defendant's submission (ECF No. 21), has shown good cause to warrant the limited stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 21) is **GRANTED**.

Dated: Central Islip, New York
September 18, 2025

**S O  O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge